# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLENE M. ECKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-118 |
| | ) | |
| v. | ) | |
| | ) | |
| ADVANTAGE ASSETS II, INC., *et al.,* | ) | Judge Cathy Bissoon |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendants Advantage Assets II, Inc. and LTD Financial Services, LP ("Defendants")'s Motion for Summary Judgment (**Doc. 12**). For the reasons that follow, Defendants' Motion for Summary Judgment will be GRANTED IN PART AND DENIED IN PART.

### I. MEMORANDUM

#### A. BACKGROUND

According to Defendants' Motion, Assets II, Inc. ("Advantage") is a "debt buyer" that "retained LTD [Financial Services, LP ("LTD")] to collect on the judgment that AA II obtained against Plaintiff in or about 2012 in the Court of Common Pleas of Allegheny County." (Doc. 14 at 2). On December 15, 2016, an employee of LTD called Plaintiff to collect on that judgment. The following is a transcript of the relevant portion of that discussion:

LTD: Okay, are you aware I mean, do you work?

Plaintiff: Yes, I do.

> LTD: Cause just be aware, check your state law and find out what judgments, what they can do to access or get the funds that is theirs because once a judge signs off on a judgment they have certain rights to go in and get money and sometimes it can be without your permission, because it has been signed off on.
>
> Plaintiff: Okay
>
> LTD: Okay so check those state laws where you are at to see if you have any property, there may be possibility of liens that are on there.
>
> Plaintiff: I don't.
>
> LTD: property as well. So check those laws if you are in the PA and find out what is it they can do in that state if you have an active judgment.

See Affidavit of Sondra Jurica (Doc. 13-1) at ¶ 5; Audio Recording of the December 15, 2016 Telephone Call (Exhibit A).

Plaintiff alleges that "[a]s a result of that conversation, and the intonation and articulation used by the debt collector, Ms. Ecker believed that her wages would be subject to garnishment by Advantage." (Doc. 9 at ¶ 41). Plaintiff asserts that wage garnishment would not be permitted under Pennsylvania law. (Doc. 9 at ¶¶ 35, 50-54). Accordingly, Plaintiff claims that the threat to garnish wages during December 15, 2016 Telephone Call was "false, deceptive, and misleading," and thus violated Sections 1692e(2), 1692e(5), 1692e(10) of the FDCPA. (Doc. 9 at ¶¶ 50- 56, 60). Plaintiff also alleges that Defendants' conduct during the December 15, 2016 Telephone Call violated Section 1692f of the FDCPA. (Doc. 9 at ¶ 61).

B. **STANDARD OF REVIEW**

Summary judgment is appropriate if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a fact is "material" only if it might affect the outcome of the action under the governing law. See Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 172 (3d Cir. 2008) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party. Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000).

C. **ANALYSIS**

"The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227, 232 (3d Cir. 2005). One of the FDCPA's basic tenets "is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." FTC v. Check Inv'rs, Inc., 502 F.3d 159, 165 (3d Cir. 2007). As such, the FDCPA prohibits a debt collector from using certain collection methods. Id. at 166 (citing Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1324 (7th Cir. 1997)). The prohibited methods include, among other things, "any false, deceptive, or misleading representation," 15 U.S.C.§ 1692e, and any "unfair or unconscionable means" of collecting a debt, id. § 1692f. Specifically, Section 1692e(2) of the FDCPA prohibits debt collectors from making a false representation of "any services rendered or compensation with may be lawfully received by any debt collector for the collection of a debt." Id. at § 1692e(2). Section 1692e(5), in turn, prohibits debt collectors from threatening "to take any action that cannot legally be taken or that is not intended to be taken." Id. at § 1692e(5). Finally, Section 1692e(10) prohibits "the use of any false representation or deceptive means to

collect or attempt to collect any debt or to obtain information concerning a consumer." Id. at § 1692e(10).

The Court of Appeals for the Third Circuit has repeatedly held that "[a]s remedial legislation, the FDCPA must be broadly construed in order to give full effect . . ." Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148 (3d Cir. 2013) (citation omitted). As such, courts analyze any communication giving rise to a FDCPA claim "from the perspective of the least sophisticated debtor." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (internal quotation marks and citation omitted); Kaymark v. Bank of Am., N.A., 783 F.3d 168, 174 (3d Cir. 2015). "The least sophisticated debtor standard requires more than 'simply examining whether particular language would deceive or mislead a reasonable debtor' because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006) (internal citations omitted). "This lower standard comports with a basic purpose of the FDCPA: as previously stated, to protect 'all consumers, the gullible as well as the shrewd,' 'the trusting as well as the suspicious,' from abusive debt collection practices." Id. "However, while the least sophisticated debtor standard protects naive consumers, 'it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" Id. (internal citations omitted).

Applying the "least sophisticated debtor" standard in this case, the Court finds that there is sufficient evidence to support Plaintiff's claims under Section 1692e(2), Section 1692e(5), and Section 1692e(10). Defendants argue that Plaintiff cannot establish a violation of the FDCPA, because "[a]t no time during the December 15, 2016 Telephone Call was wage garnishment ever

4

discussed." (Doc. 14 at 7). Furthermore, Defendants argue that "there is absolutely nothing to support that there was any implied threat of wage garnishment" and that "the conversation on the call was merely a general discussion involving the Plaintiff's account with LTD." (Id.). Specifically, Defendants argue that "[a] question about the status of an individual's employment is a normal topic during a call with a collection agency" and that "[i]t is completely logical for a collection agency to discuss whether an individual has the capacity to repay his or her obligation." (Doc. 20 at 1-2).

Although the parties do not cite to it, the Court finds the case, In re Cambron, 379 B.R. 371 (M.D. Ala. 2007), instructive. In Cambron, letters were sent to the debtor providing, in pertinent part:

> Medical Revenue Service is a collection agency, retained to represent the below named creditor. Since you have failed to pay this obligation in full, we now must determine your ability to repay this debt. The information we may be seeking, if available, to determine what further collection effort to take is:
>
> 1.) Real estate ownership/equity
> 2.) Personal property assets
> 3.) Savings, checking balances
> 4.) Your source of income
> 5.) Automobile ownership
> 6.) Verification of employment
>
> Id. at 373.
>
> From this communication, the court found that:
>
> ... the defendant's letter impliedly threatened to investigate the debtor's employment, contact others to find assets, garnish wages or seize assets, or take further collection efforts other than contacting the debtors, if they did not pay the debts, none of which it had any intention of doing.
>
> Id. at 379.

Although the LTD employee here did not request a verification of employment, she: (1) asked Plaintiff whether she worked, (2) instructed her to check her state law regarding judgments, and (3) stated that "once a judge signs off on a judgment they have certain rights to go in and get money and sometimes it can be without your permission." (Exhibit A). Plaintiff claims that she interpreted these statements as threatening wage garnishment, which is not permitted under Pennsylvania law.[1] (Doc. 9 at ¶ 41). Given that the LTD employee inquired into Plaintiff's employment status and then immediately turned to how judgments can be collected under state law, Plaintiff's interpretation is, in the Court's view, entirely reasonable. At the very least, the Court understands how a "least sophisticated debtor" could interpret the discussion as Plaintiff did. For this reason, the Court will deny summary judgment on Plaintiff's Section 1692e claims.

The Court agrees with Defendants, however, that Plaintiff's claim under Section 1692f should be dismissed as redundant. As Defendants argue, courts consistently hold that Section 1682f "cannot be the basis for a separate claim" for conduct explicitly addressed by other sections of the FDCPA. See, e.g., Corson v. Accounts Receivable Mgmt., Inc., 2013 WL 4047577, at *7 (D.N.J. Aug. 9, 2013) (collecting cases). Here, Plaintiff cites to the same alleged misconduct to support her claims under both Sections 1692e and 1692f and, accordingly, fails to state a separate claim for relief under Section 1692f.[2]

---

[1] Under Pennsylvania law, wages may only be garnished in connection with an action or proceedings: (1) involving divorce; (2) for support; (3) for board for four weeks or less; (4) for crime restitution; (5) for damages awarded to a judgment creditor-landlord arising out of a residential lease upon which a court has rendered a final judgment; or, (6) under the Pennsylvania Higher Education Assistance Agency Act. See 42 Pa. C.S.A. § 8127.

[2] As noted, in the Motion for Summary Judgment, Defendant Advantage Assets II, Inc. "denies that it is a 'debt collector' as defined by the FDCPA," stating that it is a "debt buyer" that "retained LTD to collect on the judgment that AA II obtained against Plaintiff in or about 2012 in the Court of Common Pleas of Allegheny County." (Doc. 14 at 2). However, apart from this

## II. ORDER

For the reasons stated above, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (**Doc. 12**) is **GRANTED IN PART AND DENIED IN PART**.  Consistent with the foregoing, the Court will dismiss with prejudice Plaintiff's claim pursuant to 15 U.S.C. § 1692f.

May 1, 2017

                                                <u>s/Cathy Bissoon</u>
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All counsel of record.

---

one paragraph in the fact section of Defendants' brief, the parties' briefing does not address this issue.  Accordingly, the Court will not consider it at this stage.